UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    )  <br>                                                      ) <br>     v.                                            )     No. 2:17 CR 54 <br>                                                      ) <br> DENTON W. JEROME                  ) | |

**OPINION and ORDER**

This matter is before the court on defendant's motion for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. (DE # 62.) For the reasons set forth below, the motion is denied.

On June 20, 2018, defendant was sentenced to a term of 235 months imprisonment, a sentence at the lower end of the advisory guideline range. Defendant's total offense level was 34 and his criminal history category was V. This resulted in a guideline range of 235 to 293 months imprisonment. (PSR ¶ 83; DE # 48.)

On November 1, 2023, Amendment 821 to the guidelines took effect. Amendment 821 altered § 4A1.1 of the guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. It also created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four of the guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

However, in this case, defendant cannot benefit from Amendment 821 because a reduction in his criminal history points would not affect his criminal history category.

This is because the guidelines require that a "criminal history category shall be *the greater of*: (A) the criminal history category determined under Chapter Four, Part A (Criminal History); or (B) criminal history Category V." U.S.S.G. § 4B1.5(a)(2) (emphasis added). In this case, defendant's criminal history category was V, because V was greater than the criminal history category III classification defendant would have received if the court had determined defendant's criminal history under Chapter Four, Part A. (PSR ¶ 46.) If § 4B1.5(a)(2) did not exist, Amendment 821 would reduce defendant's total criminal history points from four to two, which would lower his criminal history category from III to II. However, § 4B1.5(a)(2) does exist, and it demands criminal history category V in this case, whether defendant's criminal history category is III or II. In short, defendant cannot benefit from Amendment 821 since a reduction from four to two criminal history points does not affect his criminal history category.

For these reasons, defendant's motion for a reduction in sentence pursuant to Amendment 821 is **DENIED**. (DE # 62.)

                            **SO ORDERED.**

Date: February 6, 2024

                            s/James T. Moody
                            JUDGE JAMES T. MOODY
                            UNITED STATES DISTRICT COURT